# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30767

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2020

Lyle W. Cayce
Clerk

JOSEPH LARRY MOREAU, JR.,

Plaintiff - Appellant

v.

ST. LANDRY PARISH FIRE DISTRICT NO. 3; WILFRED KINNERSON, individually ; in his official capacity; DONALD ROBINSON, individually ; in his official capacity; GREG DOUCET, individually ; in his official capacity; TERRI COURVELLE, individually ; in his official capacity; FRANK GUIDROZ, individually ; in his official capacity; PAMELA JACKSON, individually ; in her official capacity; BOARD OF COMMISSIONERS ST. LANDRY PARISH FIRE DISTRICT NO. 3; MATTHEW RABALAIS, Individually and in his Official Capacity as Chief of St. Landry Fire Protection District No. 3,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:\*

Larry Moreau, Jr., a former fire captain, sued St. Landry Fire Protection District No. 3 ("District 3") and seven individual members of its Board of

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30767

Commissioners (the "Board") under 42 U.S.C. § 1983, alleging he was fired in retaliation for exercising his First Amendment rights and without due process. The district court granted summary judgment in favor of Defendants. We AFFIRM.

## I.   BACKGROUND

In May 2017, Moreau was accused of refusing to participate in a fire training exercise.  At a pre-disciplinary hearing before the Board, Moreau explained that he did not participate because of an on-the-job injury that he failed to report. The Board voted to issue Moreau a formal letter of reprimand, but Chairman Wilfred Kinnerson would have gone further—he thought Moreau should have been fired over the incident. This created a "personal problem" between Moreau and Chairman Kinnerson.

Months later, the actions of an unrelated local school board caught media attention. When a teacher questioned the members of the Vermillion Parish School Board about a potential raise for the superintendent, the school board had police remove her from the meeting, and the teacher was handcuffed and taken to jail. One of Moreau's Facebook friends posted a local news story about the school board incident, and Moreau posted the following comment:

> all of this going on with this poor teacher being treated so unfairly makes one thing perfectly clear… These "boards" everywhere, ruled by good old boy politics need to be dissolved ASAP..!! We have the same exact problem at our fire department… A board of clueless idiots making the decisions that affect many including the very employees who actually do the job.. It's a joke.. I hope this teacher makes them pay…. and pay big time.!!

Moreau deleted the post after Candice Elkins, secretary to District 3's Board, responded to it. Then he initiated the following private message exchange with Elkins:

No. 19-30767

[MOREAU:] Not trying to be ugly here so don't get all wound up… But if you're looking at my page and trying to Police what I say because you happen to be on our Board than [sic] I will have to delete you. I didn't call all of you idiots. You know exactly the ones I'm talking about. I'm not stupid, I spent the better part of last summer having to literally fight for my job after working my ass off there for 27 damn years.. Also having to actually sit at a board meeting and explain myself after providing 2 different doctors [sic] excuse as to why I couldn't work that day..!! Fucking embarrassing, humiliating and wrong.. All because of one IDIOT on the board. !! I did not deserve that!! Remember it was y'all who hired that nut four years ago… it was y'all who sat back and did nothing while he practically ruined our department. It was y'all who gave him a blank check, allowed him to treat the men like shit (especially the older ones like myself) and then finally at the end after we were broke did y'all wake up. All this stuff going on with this teacher in Abbeville shows that this good old boy political crap is for the birds and I can't wait to get away from it… Going in the drop October 31st of this year… I will never work a political job again that's for certain..

[ELKINS:] Dude… didn't look up your page to police anything. Scrolling through fb this morning and there it was for any of your friends to see. Just to clarify, I'm not on the board so I didn't take offense. I work for the board, I happen to love Fire District 3, and will work with the board and the entire staff of firefighters to make it great again! That's my goal.

[MOREAU:] Well, I've seen an awful lot of dirty s[t]uff go on over there in 27 years..!! Just tired of it. Ready to go do something else. And for the record I do think y'all are on the right track... If they don't make Rabalais chief, I might just outright quit.. He's definitely without a doubt the right man for the job… But this board has a history in the past of not always doing the "right" things…

[ELKINS:] The Board, and all of us affiliated with FD3, have worked tirelessly in the last year to turn things around. Some of us prefer to look towards the future rather than dwell on the past. It's a different board now and they are trying hard to do the right thing. You misspoke when you referred to them as clueless idiots,

3

No. 19-30767

but that's just my opinion. You probably should not speak negatively, nor post negatively on social media, about the agency which has provided your livelihood for the past 27 years, no matter how tired you are of it. Just offering my 2 cents, for what it's worth. Have a good weekend!

[MOREAU:] I'm sorry but Kennerson [sic] is a clueless idiot who should not even be allowed near a board of any kind that makes decisions.. Don't think I misspoke one bit. And it's not so easy to just forget the past when you've just given up 27 years of your life seeing and living it. It has been a prison at times not a livelihood… and my sentence is almost up. At this point I'm just hoping my last few years are a little more pleasant than the first 27 have been..

[MOREAU:] I really don't think y'all realize just how bad the moral [sic] of the men is over there..!!! It's literally completely in the toilet.!! Hopefully that'll get better as well..

Elkins complained about Moreau's comments, and Moreau was given written notice that he would be investigated for posting "disparaging remarks" about District 3. Moreau was questioned by fire district Chief Rabalais, and was later given notice of a pre-disciplinary hearing.[1] At the hearing, Moreau defended his Facebook post on the grounds that he was referring to "older boards, not the current board" when he called them "clueless idiots." The Board unanimously voted to fire Moreau.

---

[1] The notice informed Moreau that his post violated District 3's social media policy, and that he may face disciplinary action for the following violations listed in the state civil service law, La. Rev. Stat. § 33:2500:

(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.

(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.

(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.

Defendants note that the notice should have actually cited La. Rev. Stat. § 33:2560—the section of the civil service law that applies to small municipalities and fire districts.

No. 19-30767

Moreau sued District 3, alleging he was fired in retaliation for exercising his First Amendment rights. He later added seven individual members of the Board, and amended his complaint to assert procedural due process claims under federal and state law. The district court granted Defendants' motion for summary judgment, holding that (1) Moreau's speech was not a "public concern" and was not entitled to First Amendment protection; and (2) his procedural due process claims are time-barred. Moreau timely appealed.

## II.    DISCUSSION

We review the district court's grant of summary judgment de novo.[2] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

### 1.  First Amendment Claim

To establish a First Amendment retaliation claim, Moreau must show that (1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in speaking outweighed District 3's interest in promoting efficiency; and (4) his speech motivated District 3's adverse action against him.[4]  If Moreau did not speak on a matter of public concern, the inquiry ends.[5]

We determine whether a public employee's speech relates to a matter of public concern by weighing the "content, form, and context of a given statement, as revealed by the whole record."[6] In "mixed" cases—those

---

[2] *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 920 F.3d 243, 247 (5th Cir. 2019).

[3] FED. R. CIV. P. 56(a).

[4] *Gibson v. Kilpatrick*, 838 F.3d 476, 481 (5th Cir. 2016). If the speech does not address a matter of public concern, a court need not proceed to the third and fourth steps.

[5] *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

[6] *Connick v. Myers*, 461 U.S. 138, 147–148 (1983).

involving both private and public concerns—we determine whether the private concerns predominate.[7] Weighing these factors, we conclude that Moreau's Facebook post was predominately of private concern.

"Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public."[8] Speech does not relate to a public concern when it involves "solely personal matters or strictly a discussion of management policies that is only interesting to the public by virtue of a manager's status as an arm of government."[9] If, however, "releasing the speech to the public would inform the populace of more than the fact of an employee's employment grievance,"[10] it might be public.

First, although Moreau's post addressed some matters of public concern—the Vermillion Parish School Board incident had garnered local media attention—his statement that his own employer's Board is made up of "clueless idiots" is more "akin to an internal grievance,"[11] and "convey[s] no information at all other than the fact that a single employee is upset with the status quo."[12]

Second, the form of his speech (a public social media post) weighs in favor of a finding of public concern—it was accessible to the public outside of District 3's chain of command.

Third, however, the context of his speech weighs against a finding that Moreau spoke predominately on a matter of public concern. Speech "made

---

[7] *Gibson*, 838 F.3d at 485.

[8] *Lane v. Franks*, 573 U.S. 228, 241 (2014) (citation and quotation marks omitted).

[9] *Branton v. City of Dallas*, 272 F.3d 730, 740 (5th Cir. 2001).

[10] *Id.* (quotation marks omitted).

[11] *Graziosi v. City of Greenville*, 775 F.3d 731, 738 (5th Cir. 2015).

[12] *Connick*, 461 U.S. at 148.

solely in furtherance of a personal employer-employee dispute"[13] isn't public—and generally, "an employee speaks in furtherance of his personal employer-employee dispute when he discusses personnel matters directly impacting his job or criticizes other employees or supervisors' job performance."[14] Moreau was admittedly angry with the Board for accusing him of refusing to participate in a fire training exercise, and for the way they treated him during the investigation and hearing. He made the Facebook post in the context of his private frustration with the Board's management and decision-making, and a "personal problem" he had with its Chairman.

Although Moreau began his Facebook post by commenting on a publicized school board incident, his speech "devolved" into his personal criticism of District 3's Board.[15] His statement was "primarily motivated by and primarily addressed [his] displeasure"[16] with District 3's Board and the way it operates. On balance, Moreau's speech was predominately of private concern, and the district court did not err in granting summary judgment.

## 2. Procedural Due Process Claims

Moreau brought federal and state due process claims, alleging he was fired "for various, ill-defined reasons in addition to his Facebook post." The district court concluded that these claims are time-barred. Even assuming these claims are timely, they fail on the merits.

---

[13] *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 187 (5th Cir. 2005).

[14] *Id.* at 187–88.

[15] *See, e.g., Graziosi*, 775 F.3d at 738 (Police sergeant's Facebook post criticizing the department's failure to send a representative to a fellow officer's funeral was not public in nature because it "devolved into a rant" attacking the chief's leadership style and intra-department decision-making.).

[16] *Id.* at 739 ("[W]e cannot allow the mere insertion of a scintilla of speech regarding a matter of public concern, to plant the seed of a constitutional case.") (internal citations and quotations omitted).

No. 19-30767

A public employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."[17] "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."[18] Here, Moreau received notice of his investigation and the pre-disciplinary hearing. He was informed of the possible bases for discipline—his Facebook post and violations of the civil service law—and was given a hearing before the Board, where he was able to respond and present his side of the story. Finally, he had the opportunity to appeal the Board's decision to the Civil Service Board.

Moreau argues that the Louisiana Firefighters' Bill of Rights,[19] which imposes additional procedural requirements on fire departments attempting to discipline their employees, can support a federal or state due process claim. But "the process which is due under the United States Constitution is that measured by the due process clause, not that called for by state regulations."[20] The failure to apply certain "procedural protections called for by state law or regulation does not of itself amount to a denial of due process."[21] And because that statute does not create a private right of action for damages, Moreau cannot bring § 1983 and state law claims for alleged violations of it.

---

[17] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

[18] *Id.*

[19] La. Rev. Stat. § 33:2181-2186.

[20] *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995) (citation omitted); *see also Dearman v. Stone Cty. Sch. Dist.*, 832 F.3d 577, 584 (5th Cir. 2016) ("The School District may have violated state law when denying Dearman an official nonrenewal hearing. Given, however, that Dearman did receive both notice and an opportunity to respond, this state-law violation does not also amount to a violation of federal due process.").

[21] *Id.*

No. 19-30767

## III.   CONCLUSION

For these reasons, the district court did not err in granting summary judgment. The district court's judgment is AFFIRMED.